United States District Court
Southern District of Texas
**ENTERED**
November 30, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KITHIRA GAS SHIPPING COMPANY**, *et al.*, | § § § § § | |
| *Plaintiffs*, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-0755 |
| **FAMILY UNITY TRUST COMPANY**, *et al.*, | § § § § § | |
| *Defendants*. | § | |

# ORDER

Before the Court is a joint motion filed by the law firms of Royston, Rayzor, Vickery & Williams, L.L.P. ("Royston Rayzor") and Jackson Walker LLP ("Jackson Walker") to withdraw as counsel from representation of the Claimant / Counterclaimant / Counterdefendant styling itself "Kithira Gas Shipping Company, on the authority of its lawful directors" (henceforth, "Claimant"). ECF No. 106. There has been dispute regarding the actual identity of the entity represented by Royston Rayzor and Jackson Walker, and there has been question as to whether the persons who were controlling and directing the operations of the M/V KITHIRA prior to its arrest in this case were doing so with proper legal authority.

The proposed withdrawal of the attorneys for Claimant magnifies these concerns. It presents problems for the Court and the other parties for purposes of service of notices, Court orders, subpoenas, discovery and other matters. Additionally, to the extent the Claimant is a business entity, it must be represented by licensed counsel who makes an appearance in this case. *Sw. Express Co. v. Interstate Commerce Comm'n*, 670 F.2d 53, 54–56 (5th Cir. 1982*); In re*

*K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). If Claimant is a business entity and is unrepresented by counsel, its claim is subject to being stricken. *See Guardian Garage Midwest LLC v. Polyguard Garage of Tex. LLC*, No. 3:23-CV-1581-N-BK, 2025 WL 1886731, at *1 (N.D. Tex. May 28, 2025), report and recommendation adopted, No. 3:23-CV-1581-N-BK, 2025 WL 1885650 (N.D. Tex. July 7, 2025). In this instance, the undersigned finds it appropriate to direct the soon to be unrepresented Claimant to file updated contact information with this Court and, additionally, for any claimant or counterclaimant that is a business entity to retain counsel and make an appearance in this action by a date certain. The Court now **ORDERS** as follows:

- Any business entity seeking to raise a claim or counterclaim in this case shall retain an attorney or law firm which shall enter an appearance in this case not later than December 12, 2025.

- Any natural born person seeking to raise a claim or counterclaim in this case who has previously appeared, through counsel or otherwise, whether that appearance has been "restricted" or not, shall file an amended notice of claim or counterclaim not later than December 12, 2025. That claim or counterclaim shall state the factual and legal basis of the claim or counterclaim that is sufficient to plausibly allege such claim or counterclaim. Contact information for any natural born person seeking to raise a claim in this action shall be filed with the Court whether the person is represented by counsel or not. The notice of appearance or claimant's contact information must include:

    o the Claimant's full legal name;
    o the current physical and mailing addresses of their residence and business;
    o working telephone numbers where each Claimant can be reached without difficulty; and
    o a working email address that they check regularly.

- Not later than December 12, 2025, any business entity seeking to raise a claim or counterclaim in this case shall file a document entitled "Contact Information for Claimant's [or Counterclaimant's] Decision Makers." This document shall identify the contact information for the natural born person or persons who are making decisions on behalf of the business entity seeking to raise a claim or counterclaim in this action. This contact information is necessary ensure compliance with the Court's orders and other pretrial matters.

- Attorney Dimitri Georgantas shall immediately provide a copy of this order, along with a translation, if necessary, to the entities or natural born persons who are now, or were previously, represented by Royston Rayzor or Jackson Walker in this case.

- The joint motion to withdraw as counsel (ECF No. 106) is **GRANTED** in part and **DENIED** in part. The motion is denied in part as to the date of the withdrawal being granted. Counsel for Claimant shall remain as counsel of record through December 8, 2025. The withdrawal of Royston Rayzor and Jackson Walker shall become effective on December 13, 2025. The motion to withdraw is otherwise **GRANTED.**

- All parties must keep the Court and each other apprised of their current contact information. If any contact information changes, they must immediately file a notice with the Court which updates their contact information.

Failure of any claimant or counterclaimant to comply with this order may result in their claims or counterclaims being stricken or otherwise dismissed. See Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997).

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 25th day of November, 2025.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE